## Wells v. Burton, et al.

(Decided April 30, 1920.)

### Appeal from Letcher Circuit Court.

Estoppel—Real Estate—Apparent Title—Inducing Purchase.—Where one having title to land, by an unrecorded deed, induces another, who has no knowledge of the deed, to purchase, pay for and take possession of the land, and assigns to him a title bond executed by a third party, thus representing to the purchaser that the title to the property was in another and not in himself, he is estopped from asserting title through the unrecorded deed as against the purchaser or those claiming under him.

W. H. MILLER, T. E. MOORE, JR., and P. T. WHEELER for appellant.

D. D. FIELDS, D. I. DAY, MONROE FIELDS and L. F. JOHNSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On September 11, 1915, C. H. Burton purchased from Nelson Ratliff, by written contract, a tract of land on King's creek in Letcher county. In February, 1916, Burton sued Ratliff for specific performance, and asked that William Wells and others, who were made parties defendant, be required to answer and assert any claim they had to the land. Wells answered and claimed title by virtue of a deed made to him by Isaac Fields in the year 1874. On final hearing the claim of Wells was rejected, and he appeals.

The evidence for plaintiff is as follows: On March 18, 1870, Isaac Fields executed to R. H. Fields a title bond by which he agreed to convey to R. H. Fields, by good and sufficient title, all the land therein described. On February 18, 1873, R. H. Fields executed to William Wells a title bond by which he bound himself to convey to Wells the same tract of land, with the exception of a 50 acre survey made in the name of R. H. Fields. Thereafter, Wells, for value received, assigned the R. H. Fields title bond to D. I. Vermillion. Vermillion entered into possession of the land and held it until he died in the year 1885. Some time later, D. D. Fields bought the land from the Vermillion heirs, and received from one of them the title bond executed by R. H. Fields to Wil-

liam Wells. About the same time, he delivered the R. H. Fields title bond to R. H. Fields, and R. H. Fields gave him, in lieu thereof, the original title bond executed to him by Isaac Fields, and assigned this bond to D. D. Fields. In the year 1896, D. D. Fields conveyed the land to J. L. Holcomb. Some time later J. L. Holcomb executed a title bond to Nelson Ratliff, who sold the land to plaintiff.

The evidence for Wells is as follows: In the year 1874 he obtained from Isaac Fields, who had made the title bond to R. H. Fields, a deed to the land. This deed, together with the title bond, he left in the county clerk's office for record and paid the tax thereon. Neither the deed nor the title bond was ever recorded. Wells entered upon the land and remained there until 1879 or 1880, when he rented the land to D. I. Vermillion for four years. When this controversy arose, he advertised for the Isaac Fields title bond. The R. H. Fields title bond was found by his sons-in-law in an old trunk and delivered to Wells. This title bond was introduced in evidence and bore an assignment from Wells to Minerva Wells, his wife.

It is the contention of Wells that he showed a legal title to the land by virtue of the deed which he obtained from Isaac Fields, and that the court erred in not adjudging him to be the owner of the land. While we are confident that no deed was ever executed to Wells by Isaac Fields, we shall consider the case as if this had been done, in view of the admissions contained in the pleadings. The evidence leaves no doubt that, after he acquired the unrecorded deed, Wells sold the land to Vermillion and assigned to him the title bond which R. H. Fields had executed to him. Not only so, but he collected the purchase money and put Vermillion in possession. Having induced Vermillion, who did not know of the unrecorded deed, to pay for the property and accept the assignment of the title bond as a valid transfer of all his interest in the property, and having thus represented to Vermillion that the title to the property was in another and not in himself, Wells is now estopped from asserting title through the unrecorded deed as against Vermillion, or those claiming under him. 10 R. C. L., p. 789; Sewell v. Norris, 128 Ga. 824, 58 S. E. 637, 13 L. R. A. (N. S.) 1118.

Judgment affirmed.